IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. BEHOUNEK,

      Plaintiff,

v.                                               1:20-cv-00405-JCH-LF

MICHELLE LUJAN GRISHAM, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff Joseph F. Behounek's Motion for Court Clerk's Entry of Default (Doc. 19) and his Motion for Default Judgement (Doc. 22), both filed on May 29, 2020.  Mr. Behounek also filed an affidavit and brief in support of his motion for default judgment.  Docs. 23, 25.  Defendants filed a response to the motion for default judgment on June 10, 2020.  Docs. 31, 37.  Mr. Behounek filed a reply to the motion for default judgment on June 23, 2020.  Doc. 34.  Senior United States District Judge Judith Herrera referred this matter to me for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3).  Doc. 33.  Having reviewed the briefing and the relevant law, and being fully informed of the premises, I recommend that the Court GRANT Mr. Behounek's Motion for Court Clerk's Entry of Default and DENY Mr. Behounek's Motion for Default Judgment.

### I.    Procedural History

Mr. Behounek filed his initial complaint on April 28, 2020.  Doc. 4.  On April 29, 2020, the Court found that Mr. Behounek failed to state a claim for relief regarding the issuance of a temporary restraining order and granted him 14 days to file an amended complaint.  Doc. 6.  On May 3, 2020, Mr. Behounek filed an amended complaint.  Doc. 11.  Mr. Behounek served the

amended complaint and summonses on Governor Michelle Lujan-Grisham and the State of New Mexico on May 7, 2020.  *See* Docs. 15, 16, 17.  The summonses stated that defendants must answer or otherwise respond within 21 days of service—which would be May 28, 2020 based on the May 7, 2020 date of service.  *Id*.

On May 29, 2020, Mr. Behounek filed a Motion for Court Clerk's Entry of Default.  Doc. 19.  The affidavit Mr. Behounek attached to this motion, however, erroneously referenced service of his initial complaint, not his amended complaint.  Doc. 20.  The Clerk of Court did not grant the motion or enter a Clerk's Entry of Default.  The same day, Mr. Behounek filed a Motion for Default Judgment, Doc. 22, and an affidavit and brief in support of the motion, Docs. 23, 25.  On June 10, 2020, Mr. Behounek filed a new affidavit in support of his Motion for Court Clerk's Entry of Default, in which he referenced the service of his amended complaint.  Doc. 32.

Also on May 29, 2020, attorneys Douglas E. Gardner and Luis E. Robles filed entries of appearance and an answer on behalf of Governor Michelle Lujan Grisham.  Docs. 26, 27, 28.  On June 10, 2020, Mr. Gardner and Mr. Robles filed a response to Mr. Behounek's motion for default judgment on behalf of "Michelle Lujan Grisham, individually and as Governor of the State of New Mexico."  *See* Doc. 31 at 1.  On June 25, 2020, Mr. Gardner and Mr. Robles each entered an Amended Entry of Appearance, in which each stated that he appeared on behalf of "Defendants, Governor Michelle Lujan Grisham, individually and on behalf of the State of New Mexico, and the State of New Mexico" ("State Defendants").  Docs. 35, 36.  Also on June 25, 2020, Mr. Gardner and Mr. Robles filed a Notice of Adoption of Pleadings, stating that "all pleadings filed in the case thus far have been filed on behalf of all State Defendants collectively,

and to the extent necessary, State Defendants collectively adopt all pleadings filed on behalf of any individual State Defendants in this case thus far."  Doc. 37.[1]

Mr. Behounek filed his reply to the Motion for Default Judgment on June 23, 2020.  Doc. 34.

In his motion for default judgment, Mr. Behounek argues that defendants failed to answer both his initial complaint filed on April 30, 2020 (Doc. 4) and his amended complaint filed on May 3, 2020 (Doc. 11).  Doc. 22 at 1–2.  In the attached affidavit, he erroneously asserts that the clerk's entry of default was entered on May 29, 2020.  Doc. 23 at 2.  Mr. Behounek asks the Court to permanently restrain defendants from threatening to impose fines for violations of the governor's executive orders, for $208,000 in lost investments and income, costs of litigation, and any other relief allowed by law.  Doc. 22 at 3.

Defendants urge the Court to deny the motion for default judgment.  Doc. 31.  They argue that default judgments are disfavored; that although they filed their answer one day late, they did not willfully default; that they have meritorious defenses; and that Mr. Behounek will suffer no prejudice if the motion is denied.  *See id.*  Defendants argue that these factors constitute "good cause" to deny Mr. Behounek's motion.  *Id.* at 2.  I agree with defendants and recommend that the Court deny Mr. Behounek's motion.

---

[1] On September 14, 2020, the Court ordered defendants to further clarify their adoption of filings in this case.  Doc. 44.  On September 16, 2020, defendants filed a notice stating unequivocally that the Response to Plaintiff's Motion for Default Judgment (Doc. 31) was filed on behalf of all defendants.  Doc. 45 at 1.  Defendants explain that because Governor Lujan Grisham is sued in her individual and official capacity, documents filed by Lujan Grisham are also filed on behalf of the State of New Mexico.  *Id.* at 1–2 ("A suit against [a] governor in her official capacity is a suit against the state itself. . . . "  *Martinko v. Whitmer*, 2020 WL 3036342, at *2 (E.D. Mich. June 5, 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))).

## II.     Discussion

### A.  Applicable Legal Standards

Federal Rule of Civil Procedure 55 sets forth a two-step process for a party seeking a default judgment.  *See Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished table decision).  First, a party must obtain a clerk's entry of default.  *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.")  But "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."  10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed.).  Second, once the clerk enters the default, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," FED. R. CIV. P. 55(b)(1), or "[i]n all other cases, the party must apply to the court for a default judgment," FED. R. CIV. P. 55(b)(2).  The harsh sanction of default judgment is disfavored:

> Strong policies favor resolution of disputes on their merits: the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection.

*In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations and internal quotations and alterations omitted).  "[T]he entry of a default judgment is committed to the sound discretion of the district court."  *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  FED. R. CIV. P. 55(c).  "[T]he good cause required by FED. R. CIV. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party

than the excusable neglect which must be shown for relief from judgment under FED. R. CIV. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)).  The lesser standard of "good cause" applies until a final judgment is entered.  *See* FED. R. CIV. P. 55(c) advisory committee's note to 2015 amendment ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.").

The Court may consider the same factors in determining whether to set aside a clerk's entry of default as it does in determining whether to set aside a default judgment.  "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson*, 316 F. App'x at 750 (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).  "Three requirements must be met when setting aside a default judgment under Rule 60(b):  '(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.'" *United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013) (unpublished) (quoting *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996)).  These factors are not "talismanic," and the Court may consider other factors and need not consider all the factors. *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished table decision).  The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

5

### B. Analysis

As an initial matter, I recommend that the Court grant Mr. Behounek's Motion for Court Clerk's Entry of Default (Doc. 19). The Clerk of Court has not entered default and this motion is still pending. As discussed above, the affidavit Mr. Behounek attached to his motion for entry of default did not reference the correct complaint. *See* Doc. 20 (affidavit referencing initial complaint (Doc. 4)). However, Mr. Behounek filed an amended affidavit on June 10, 2020 (Doc. 32), which did reference his amended complaint (Doc. 11). The Court considers the amended affidavit filed nunc pro tunc on May 29, 2020. The amended affidavit shows that defendants were served on May 7, 2020. Doc. 32 at 1 (citing Docs. 15, 16 (proofs of service)). Defendants' answers to the amended complaint were therefore due on May 28, 2020. FED. R. CIV. P. 12(a)(1)(A)(i). Because defendants' answers were not filed until May 29, 2020, plaintiff is entitled to an entry of default under Rule 55(a). FED. R. CIV. P. 55(a). Under Rule 55(a), the clerk "**must** enter the party's default" when defendants have "failed to plead or otherwise defend, and that failure is shown by affidavit." FED. R. CIV. P. 55(a) (emphasis added). Because defendants failed to plead by the May 28, 2020 deadline, and because Mr. Behounek showed that failure by affidavit (Doc. 32), he is entitled a clerk's entry of default under Rule 55(a). The Court does not appear to have discretion to deny a clerk's entry of default. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) ("The entry of default is . . . not discretionary."). I therefore recommend that the Court grant Mr. Behounek's Motion for Court Clerk's Entry of Default (Doc. 19).

Nevertheless, I recommend that the Court immediately set aside the clerk's entry of default pursuant to Rule 55(c). The Court will treat defendants' response to the motion for

default judgment (Doc. 31) as a motion to set aside the clerk's entry of default.  *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2692 (4th ed.) ("[A]lthough Rule 55(c) envisions a formal motion for relief, the courts have shown considerable leniency in treating other procedural steps as equivalent to a motion, particularly when defendant's conduct evidences a desire to correct the default."). Although defendants typically file a motion to set aside clerk's entry of default, defendants cannot be faulted for failing to do so here as the clerk's entry of default was never entered.  *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (finding defendant could not be faulted for failing to file a motion to set aside entry of default where default had not been entered and holding that "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion").

All three factors for determining whether the clerk's entry of default should be set aside weigh in favor of defendants.  First, there is no evidence that defendants willfully defaulted. Defendants filed their answer on May 29, 2020, one day after the deadline.  *See* Doc. 28. Defendants aver that the answer was late because "the assignment of this case to the . . . law firm was unable to occur" until May 29, 2020.  Doc. 31 at 5.  Mr. Behounek argues that the mere fact that defendants "present[ed] the default motion to the Robles Firm one day after the response date" constitutes willful default.  Doc. 34 at 2.  The Court disagrees.  While defendants do not explain how the delay in assigning counsel occurred, the Court does not find that this short delay constitutes a willful default.  *See Pinson*, 316 F. App'x at 750 (finding defendant acted in "good faith by submitting its motion to set aside the default . . . just six days after default was entered"); *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (unpublished) (finding defendant did not act willfully in filing a motion to dismiss six days late "because we see no substantial

advantage to [defendant] and no prejudice to [plaintiff] in connection with the short delay").

Finally, in *Noland v. City of Albuquerque*, defendant entered an appearance three days after

plaintiff filed a motion for default judgment, and filed an answer five days after plaintiff filed his

motion. *Noland v. City of Albuquerque*, No. CIV 08-0056 JB/LFG, 2009 WL 2424591, at *1

(D.N.M. June 18, 2009). In *Noland*, the Court denied the motion for default judgment on the

following basis:

> The Court . . . cannot reasonably say that the [defendant] is an essentially
> unresponsive party, that the adversary process has been halted, or that [plaintiff]
> faces interminable delay because of the [defendant's] actions. Because the
> [defendant] is defending itself, and because the Court has a strong preference to
> resolve cases on their merits rather than by procedural default, the Court will deny
> the motion for default judgment.

*Id.* As in *Noland*, defendants' short delay in filing an answer in this case is insufficient to show

that defendants are "essentially unresponsive" or that they willfully defaulted.[2]  Even if the Court

were to find defendants' conduct was willful, the other two factors weigh strongly in favor of

setting aside the clerk's entry of default, and stand as independent and sufficient reasons to do so.

Second, defendants have meritorious defenses. In deciding whether a movant seeking to

set aside an entry of default has presented a meritorious defense, the Court notes that "[i]t does

not take much to establish the existence of a meritorious defense sufficient to set aside a

default—only the alleging of sufficient facts that, if true, would constitute a defense."[3]  *Calderon*

---

[2] As grounds for granting his motion for default judgment, Mr. Behounek cites the date he served
his original complaint (Doc. 4) and claims the answer to that complaint was due on May 21,
2020. Doc. 22 at 1 ¶ 1. However, an amended complaint supersedes the original complaint and
renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th
Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).

[3] Purely legal defenses do not require "factual allegations relating to the [m]erits of the dispute."
*In re Stone*, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978). For purely legal defenses, defendants
need only allege facts sufficient to show the elements of the legal defense. *Id.* "[T]the purpose

*v. Herrera*, 2012 WL 13013070, at *5 (D.N.M. May 11, 2012).  "[R]ather than looking at the

likelihood that the defendant will prevail on the merits, the Court should look at whether the

proposed defense is legally cognizable such that it would constitute a defense to the claims if

proved at trial."  *Roberson v. Farkas*, 2011 WL 13117113, at *5 (D.N.M. Sept. 30, 2011) (citing

*Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (allegations

of a defense are meritorious if they contain "even a hint of a suggestion" that, if proven at trial,

would constitute a complete defense)).  Defendants point to their defense under the states' broad

powers to regulate health and safety matters, as recognized by the Supreme Court:

> The precise question of when restrictions on particular social activities
> should be lifted during the pandemic is a dynamic and fact-intensive matter
> subject to reasonable disagreement.  Our Constitution principally entrusts "[t]he
> safety and the health of the people" to the politically accountable officials of the
> States "to guard and protect."  *Jacobson v. Massachusetts*, 197 U.S. 11, 38, 25 S.
> Ct. 358, 49 L. Ed. 643 (1905).  When those officials "undertake[ ] to act in areas
> fraught with medical and scientific uncertainties," their latitude "must be
> especially broad."  *Marshall v. United States*, 414 U.S. 417, 427, 94 S. Ct. 700, 38
> L. Ed.2d 618 (1974). . . .
> . . . .  The notion that it is "indisputably clear" that the Government's
> limitations are unconstitutional seems quite improbable.

*S. Bay United Pentecostal Church v Newsom*, 140 S. Ct. 1613, 1613–14 (2020) (Mem) (Roberts,

J., concurring); Doc. 31 at 6–7.  Given the states' broad powers to regulate health and safety

matters, defendants argue that Mr. Behounek's chances of prevailing on the merits in this case

are slim, and that defendants have a meritorious defense based on the facts of this case.  Doc. 31

at 7.  Second, defendants argue that they have a meritorious defense to the alleged constitutional

violations based on qualified immunity.  Doc. 31 at 9–10.  Qualified immunity can be a

"meritorious defense" for purposes of a motion seeking to set aside an entry of default.  *Watkins*

---

of the [meritorious defense] requirement is to show the trial court that a sufficient defense is
assertible."  *Id*.

*v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished).  I find that defendants have articulated at least two "legally cognizable" defenses to Mr. Behounek's claims.  *See Roberson*, 2011 WL 13117113, at *5.  This factor weighs in favor of setting aside the clerk's entry of default.

Finally, I find that Mr. Behounek has failed to show any prejudice from setting aside the clerk's entry of default.  In general, "delay alone is not a sufficient basis for establishing prejudice.  To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (internal citations and quotations omitted); *see also* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2699 (4th ed.).  Mr. Behounek concedes that he will suffer no prejudice if the Court sets aside the entry of default.  Doc. 34 at 5 ("Plaintiff will suffer no prejudice, as stated by Defendant Grisham, who suggests that the motives of Plaintiff were to avoid prejudice.").  I find the one-day delay in this case is negligible and setting aside the clerk's entry of default will not cause any prejudice to Mr. Behounek.

Finally, "[e]ntry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."  *Watkins*, 551 F. App'x  at 958. Because I recommend setting aside the entry of default, and because a default judgment cannot be entered in the absence of such entry, I recommend that the Court deny Mr. Behounek's motion for default judgment.  *Id.* (finding that district court did not abuse its discretion in denying motion for default judgment after it set aside the clerk's entry of default).

### III.    Conclusion

I recommend that the Court grant Mr. Behounek's Motion for Court Clerk's Entry of Default (Doc. 19).  I further recommend that the Court set aside the clerk's entry of default, pursuant to Rule 55(c).  There is no evidence that defendants willfully defaulted, defendants have meritorious defenses, and Mr. Behounek has failed to show any resultant prejudice.  Finally, because I recommend setting aside the clerk's entry of default, I recommend that the Court deny Mr. Behounek's Motion for Default Judgment (Doc. 22).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge