IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. BEHOUNEK,

       Plaintiff,

v.                                                                                          1:20-cv-00405-JCH-LF

MICHELLE LUJAN GRISHAM,
*individually and doing business as Governor
of the State of New Mexico*, and
the STATE OF NEW MEXICO,

       Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

THIS MATTER comes before the Court on Defendant Michelle Lujan Grisham's Motion for Summary Judgment No. 1: Dismissal of Plaintiff's First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment Claims Based on Qualified Immunity, filed on July 31, 2020. Doc. 38. Plaintiff Joseph F. Behounek filed a response on August 7, 2020. Doc. 40. Defendants[1] did not deem it necessary to file a reply, and they filed a Notice of Completion of Briefing on August 20, 2020. Doc. 43. Senior United States District Judge Judith Herrera referred this matter to me for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 33. Having reviewed the briefing and the relevant law, and being fully informed of the premises, I recommend that the Court GRANT defendants' motion for summary judgment.

---

[1] The motion was filed on behalf of "Governor Michelle Lujan Grisham, individually and on behalf of the State of New Mexico." Doc. 38 at 1. Defendants further affirmed that the motion was filed "on behalf of all Defendants." Doc. 45 at 2. However, defendants limit their argument to the defense of qualified immunity, which is only available to officials sued in their individual capacities. *Cox v. Glanz*, 800 F.3d 1231, 1239 n.1 (10th Cir. 2015).

**A. Background**

Mr. Behounek filed his Amended Complaint on May 3, 2020, alleging that the public health orders issued by Governor Lujan Grisham during the Covid-19 pandemic violated his civil and constitutional rights.  Doc. 11.  Mr. Behounek alleges that these public health orders violate his rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution.  *Id*. ¶¶ 33–44.  He further alleges that these public health orders violate the New Mexico Constitution and various New Mexico statutes.  *Id*. ¶¶ 26, 27, 31, 48, 49.

In his Amended Complaint, Mr. Behounek sues Governor Lujan Grisham in both "her individual and official capacity."  Doc. 11 at 2.  In their motion for summary judgment (Doc. 38), defendants limit their argument to the defense of qualified immunity, which is only available to officials sued in their individual capacities.  *Cox v. Glanz*, 800 F.3d 1231, 1239 n.1 (10th Cir. 2015) (The defense of qualified immunity "is available only in suits against officials sued in their personal capacities, not in suits against . . . officials sued in their official capacities.").  Defendants do not address Mr. Behounek's official capacity claims in their motion.[2]  The Court,

---

[2] The state may be entitled to sovereign immunity on some or all of Mr. Behounek's official capacity claims, but defendants have not raised the defense of sovereign immunity in this motion.  *See Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir.), *cert. denied*, 140 S. Ct. 203, 205 (2019), *reh'g denied*, 140 S. Ct. 567 (2019) (internal citations and alternations omitted):

> Per the Eleventh Amendment, "[s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muscogee (Creek) Nation*, 611 F.3d at 1227. "This prohibition encompasses suits . . . against state officials acting in their official capacities." *Id.* But, "[u]nder *Ex parte Young*[, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)], a plaintiff may avoid the Eleventh Amendment's prohibition on suits against states in federal court by seeking to enjoin a state official from enforcing an unconstitutional statute." *Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013).

therefore, limits its analysis to Mr. Behounek's claims against Governor Lujan Grisham in her individual capacity.

### B. Discussion

Governor Lujan Grisham argues that she is entitled to dismissal of Mr. Behounek's First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment claims based on qualified immunity. *See* Doc. 38. Rule 56 of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Summary judgment motions involving a qualified immunity defense are decided somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). This is a heavy burden for the plaintiff. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534–35). The Court will grant qualified immunity if the plaintiff fails to meet either part of the qualified immunity test. *Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003) (internal quotation marks omitted). The Court need not address the two-part qualified immunity test in order; it has discretion to decide either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "If, and only if," the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the

traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)).  In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Medina*, 252 F.3d at 1128 (citation omitted).

In her motion for summary judgment, Governor Lujan Grisham argues that "[u]nder the clearly established law, the Governor's Executive Order 2020-004 (declaring a public health emergency and invoking the powers provided by the All Hazard Emergency Management Act and the Emergency Licensing Act), and all the subsequent Orders flowing therefrom are a lawful exercise of her authority." Doc. 38 at 10.  She further argues that Mr. Behounek cannot show that the executive orders violate his clearly established rights under the First, Fourth, Fifth, Eighth, Ninth, or Fourteenth Amendment. *Id*. at 10–27.  Governor Lujan Grisham therefore asks the Court to dismiss Mr. Behounek's lawsuit on the basis of qualified immunity. *Id*.

Because Governor Lujan Grisham raises a defense of qualified immunity, the burden shifts to Mr. Behounek to "meet a strict two-part test" of showing both that Governor Lujan Grisham's actions "violated a constitutional or statutory right" and that those constitutional or

statutory rights were "clearly established at the time of the conduct at issue."[3] *Nelson*, 207 F.3d at 1206.  Mr. Behounek's response fails to meet his burden of proof on either part of this test.[4]

Mr. Behounek is a pro se litigant, and the Court therefore reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A "broad reading" of a pro se plaintiff's filings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*  Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted).  Even a broad and liberal reading of Mr. Behounek's response reveals no effort to meet his burden of proof on either prong.

In *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir. 2013), the Tenth Circuit held that defendants were entitled to qualified immunity where "[p]laintiff made little, if any, attempt to

---

[3] "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.  We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.  Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal citations and quotations omitted).

[4] Mr. Behounek states that "[c]ertain undisputed material facts in defendant[']s motion will be disputed during oral arguments at a hearing." Doc. 40 at 2.  "What Plaintiff fails to comprehend, however, is that it is '[i]f, and only if,' he satisfies his two-part burden that Defendants 'then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and [they are] entitled to judgment as a matter of law.'" *Rojas v. Anderson,* 727 F.3d 1000, 1004–05 (10th Cir. 2013) (footnote omitted and emphasis removed).  In addition, whether to hold a hearing is at the discretion of the Court.  *See* D.N.M.LR-Civ. 7.6(a) ("Unless otherwise ordered by the Court, however, all motions will be decided on the briefs without a hearing.").

meet his 'heavy two-part burden,'" failed to discuss how defendants' actions violated his constitutional rights, failed to discuss whether the rights at issue were clearly established, and provided no relevant case citations.  In *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013), because plaintiff "didn't even try to meet" his burdens of proof, the Tenth Circuit found the district court's grant of summary judgment based on qualified immunity "inexorabl[e]" and "unassailable."  As in *Rojas* and *Smith*, Mr. Behounek's response contains no discussion of how defendant's actions violated his constitutional rights, fails to discuss whether the rights at issue were clearly established, and contains no relevant case citations.[5]  *See* Doc. 40.  Because Mr. Behounek fails to meet his burden of proof on either prong, I recommend the Court grant defendants' motion for summary judgment based on qualified immunity.  I recommend the Court dismiss Mr. Behounek's claims of First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment violations against Governor Lujan Grisham individually.

Defendants' motion does not address Mr. Behounek's state law claims.  *See* Doc. 11 at ¶¶ 26, 27, 31, 48, 49.  These, like Mr. Behounek's official capacity claims, remain.

Defendants also do not address Mr. Behounek's claim that Governor Lujan Grisham violated 18 U.S.C. § 242.  Doc. 11 at 9, ¶ 45.  Nevertheless, I recommend that the Court dismiss this claim with prejudice.  It is well-settled that 18 U.S.C. § 242 is a criminal statute and does not confer a private right of action on individuals.  *See Houck v. Gurich*, 515 F. App'x 724, 724–25 (10th Cir. 2013) (affirming dismissal of complaint because 18 U.S.C. § 242 provides no private right of action); *Henry v. Albuquerque Police Dept.*, 49 F. App'x 272, 273 (10th Cir. 2002)

---

[5] Mr. Behounek references two cases which discuss qualified immunity in general, *see* Doc. 40, but these cases do not show Governor Lujan Grisham's actions "violated a constitutional or statutory right" or that those constitutional or statutory rights were "clearly established at the time of the conduct at issue."  *Nelson*, 207 F.3d at 1206.

(affirming dismissal of claims arising under 18 U.S.C. §§ 241 and 242 for failure to state a claim); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting that claim under 18 U.S.C. § 241 is defective on its face because it "is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private civil cause of action").

Finally, Defendants make a cursory request in their motion for summary judgment for attorney's fees and costs. Doc. 38 at 28. The United States Supreme Court has held that 42 U.S.C. § 1988 authorizes an attorney's fee award to a prevailing defendant, but only upon a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Defendants have made no argument to support their attorney's fee request. I therefore recommend that the Court deny Defendants' request for attorney's fees.

A prevailing party is nonetheless entitled to costs other than attorney's fees under Federal Rule of Civil Procedure 54(d)(1). However, I recommend that the Court deny the motion to assess costs without prejudice, as Defendants have not adhered to the District of New Mexico Local Rule 54.1, which provides that a motion to tax costs must be filed and served within 30 days of entry of judgment and include an itemized cost bill and an affidavit. *See* D.N.M.LR-Civ. 54.1. I recommend that the Court entertain a motion for costs when that issue is properly before it.

**C. Conclusion**

For the reasons explained above, I recommend that the Court:

1. GRANT Governor Michelle Lujan Grisham's Motion for Summary Judgment (Doc. 38) and dismiss with prejudice all claims of First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment violations against Governor Lujan Grisham individually;

2. DISMISS with prejudice plaintiff's claim under 18 U.S.C. § 242 for failure to state a claim upon which relief can be granted; and

3. DENY Defendants' request for attorney's fees.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge