IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. BEHOUNEK,

      Plaintiff,

v.                                                                                                            1:20-cv-00405-JCH-LF

MICHELLE LUJAN GRISHAM,
*individually and doing business as Governor
of the State of New Mexico*, and
the STATE OF NEW MEXICO,

      Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant Michelle Lujan Grisham's Motion for Summary Judgment No. 1: Dismissal of Plaintiff's First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment Claims Based on Qualified Immunity, filed on July 31, 2020. Doc. 38. This case was referred to United States Magistrate Judge Laura Fashing for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 33. In her Proposed Findings and Recommended Disposition ("PFRD"), filed December 1, 2020, Judge Fashing recommended granting Michelle Lujan Grisham's Motion for Summary Judgment (Doc. 38) and dismissing with prejudice all Plaintiff's claims of First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment violations against Lujan Grisham individually. *See* Doc. 48. The PFRD further recommended that the Court dismiss Plaintiff's claim under 18 U.S.C. § 242, and that the Court deny Defendants' request for attorney's fees. *Id*. On December 11, 2020, Plaintiff timely filed his objections to the PFRD. Doc. 49. The Court will overrule Mr. Behounek's objections and

adopt the PFRD.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the motion for summary judgment and the briefs, the magistrate judge's PFRD, and Mr. Behounek's objections in light of the foregoing standards, and has conducted a de novo review. Based on the Court's review, the Court finds that Mr. Behounek's objections to the PFRD are without merit.

Mr. Behounek's objections focus on two areas, neither of which have merit.  First, Mr. Behounek argues that there are disputed material facts.[1]  *See* Doc. 49 at 1–3.  As the magistrate judge explained, however, because defendant raised a qualified immunity defense, Mr. Behounek had the burden of showing both that "defendant's actions violated a constitutional or statutory right" and that "the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue."  *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000).  Only if Mr. Behounek met this burden would defendant "bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'"  *Rojas v. Anderson*, 727 F.3d 1000, 1004–05 (10th Cir. 2013) (citation and quotation omitted).  As the magistrate judge explained, Mr. Behounek did not meet his burden of proof to overcome the defense of qualified immunity.  The burden, therefore, never shifted to defendant to show that there are "no genuine issues of material fact."  *Id*.  Mr. Behounek's objections based on material facts are therefore without merit.

Second, Mr. Behounek's objections include a list of cases purporting to show that the rights he claims have been violated "have been established and recognized by the courts multiple times."  Doc. 49 at 4–6.  Mr. Behounek did not raise any of the cases he cites in his response to the motion for summary judgment, Doc. 40, and he therefore waived these arguments.  *See Marshall*, 75 F.3d at 1426 ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").  Even if the Court were to find Mr. Behounek did not

---

[1] Mr. Behounek also complains of not having the opportunity to "have discovery."  Doc. 49 at 3.  The Court notes, however, that Mr. Behounek did not seek relief under Rule 56(d) or otherwise argue that discovery was necessary to respond to the motion for summary judgment.  FED. R. CIV. P. 56(d).

waive these arguments, the cases cited by Mr. Behounek do little more than show that the constitutional rights he claims were violated exist. *See* Doc. 49 at 4–6. This is insufficient to meet his burden of proof.

"A plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. A plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 517 (10th Cir. 1998) (internal citations and quotation marks omitted). To show that a right is clearly established, it is insufficient for plaintiff to "define the relevant constitutional right 'at a high level of generality.'" *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). "[T]he clearly established law must be 'particularized' to the facts of the case*.*" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To show that the law is clearly established, Mr. Behounek must "identify a case where an offic[ial] acting under similar circumstances as [Defendant Lujan Grisham] was held to have violated" the Constitution*. Id.* (citing *Pauly*, 137 S. Ct. at 552). In his objections, Mr. Behounek merely identifies constitutional rights and alleges that the defendant has violated them. Mr. Behounek cites no cases where a defendant acted in similar circumstances to Defendant Lujan Grisham and was found to have violated the Constitution. Mr. Behounek fails to show any error in the magistrate judge's conclusion that he failed to show "how defendant's actions violated his constitutional rights, fail[ed] to discuss whether the rights at issue were clearly established, and [cited] no relevant case citations." Doc. 48 at 6. The Court therefore overrules Mr. Behounek's objections and adopts the magistrate judge's PFRD.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. The Court GRANTS Governor Michelle Lujan Grisham's Motion for Summary Judgment (Doc. 38) and DISMISSES WITH PREJUDICE all claims of First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment violations against Governor Lujan Grisham individually;

2. The Court DISMISSES WITH PREJUDICE Plaintiff's claim under 18 U.S.C. § 242 for failure to state a claim upon which relief can be granted; and

3. The Court DENIES Defendants' request for attorney's fees.

_____
SENIOR UNITED STATES DISTRICT JUDGE