IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. BEHOUNEK,

      Plaintiff,

v.                                               1:20-cv-00405-JCH-LF

MICHELLE LUJAN GRISHAM,
*individually and doing business as Governor*
*of the State of New Mexico*, and
the STATE OF NEW MEXICO,

      Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
<u>RECOMMENDED DISPOSITION</u>**

THIS MATTER comes before the Court on plaintiff Joseph F. Behounek's Specific

Objections to the Amended Proposed Findings and Recommended Disposition on Motion for

Judgment on the Pleadings for Plaintiff's Official Capacity Federal Law Claims, filed on March

16, 2022.  Doc. 86.  This matter was referred to Magistrate Judge Laura Fashing to recommend a

disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3).  Doc. 33.  Judge Fashing issued her

Amended Proposed Findings and Recommended Disposition ("PFRD") on Defendants Michelle

Lujan Grisham and the State of New Mexico's Motion for Judgment on the Pleadings for

Plaintiff's Official Capacity Federal Law Claims (Doc. 64) on March 3, 2022.  Doc. 85.  Judge

Fashing recommended that the Court grant the motion and dismiss with prejudice all remaining

federal law claims against the State of New Mexico and Governor Michelle Lujan Grisham.  *Id.*

In his objections, Mr. Behounek argues that the magistrate judge erred in recommending that the

Court grant the motion.  Doc. 86.  Following a de novo review of those portions of the PFRD to

which Mr. Behounek objected, I find no error in the magistrate judge's analysis.  I therefore

overrule Mr. Behounek's objections and adopt the PFRD.

The magistrate judge made three recommendations in the PFRD.  First, she recommended that the Court find that all remaining federal claims for monetary damages against the State of New Mexico and Governor Lujan Grisham in her official capacity are barred by sovereign immunity.  Doc. 85 at 4–10.  Second, she recommended that the Court find that Mr. Behounek was no longer seeking prospective injunctive relief, or, alternatively, that his claims for prospective injunctive relief against Governor Lujan Grisham in her official capacity are moot.  *Id*. at 10–20.  Third, she recommended that the Court decline to exercise supplemental jurisdiction over Mr. Behounek's state law claims.  *Id*. at 20–21.

In considering objections, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific."  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."  *Id*.

Mr. Behounek filed timely objections to the PFRD.  *See* FED. R. CIV. P. 72(b)(2) (objections due within 14 days of being served with the PFRD).  Mr. Behounek raises four objections to the PFRD.  *See* Doc. 86.  None of Mr. Behounek's objections have merit.  First, Mr. Behounek argues that defendant Governor Lujan Grisham is required "to hold an individual

surety bond to hold public office."  Doc. 86 at 1–2.  In his amended complaint, Mr. Behounek

alleged that:

> Defendant Grisham does not have the authority under the New Mexico
> Constitution that she claims as her right to act under the color of law.  She does
> not have the bond on file with the New Mexico Secretary of State as required by
> Article XXII section 19 of the New Mexico State Constitution, said bond is
> pursuant to NMSA 10-2-9.  Plaintiff has made repeated phone requests to the
> New Mexico Secretary of State office for them to produce record of said bond.
> To date they have not produced the bonding documents.

Doc. 11 at 6–7, ¶ 26.  This claim arises under state law.[1]  The PFRD did not address the merits of

this state law claim.  Indeed, the magistrate judge recommended the Court decline to exercise

supplemental jurisdiction over Mr. Behounek's state law claims.  Doc. 85 at 2–3, 20–21.  Mr.

Behounek raises no objection to this recommendation.  The Court therefore will adopt this

recommendation.  Because the Court declines to address Mr. Behounek's state law claims, his

objection on the merits of this claim is not well-founded and will be overruled.

Second, Mr. Behounek argues that the Court erred in allowing a private legal firm to

represent defendants "without documentation showing that these private attorneys are actually

contracted through the Attorney General's [O]ffice to represent the State of New Mexico" and

that, therefore, "the State of New Mexico is still in default."  Doc. 86 at 4.  Mr. Behounek did not

previously raise this argument, and he therefore has waived it.  "Issues raised for the first time in

objections to the magistrate judge's recommendation are deemed waived." *Marshall*, 75 F.3d at

---

[1] Mr. Behounek alleges for the first time in his objections that the United States Constitution
requires Governor Lujan Grisham to hold an individual surety bond to hold public office.  Doc.
86 at 1.  Mr. Behounek provides no legal authority for this assertion.  More importantly, Mr.
Behounek has waived this argument.  "Issues raised for the first time in objections to the
magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421,
1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In
this circuit, theories raised for the first time in objections to the magistrate judge's report are
deemed waived.").

1426; *Garfinkle*, 261 F.3d at 1030–31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Third, Mr. Behounek objects to the magistrate judge's conclusion that his claim for prospective injunctive relief is moot.  Doc. 86 at 2–3.  He argues that "[t]he constitutional violations occurred and will reoccur if actions are not taken." *Id*. at 3.  He asserts that "[i]t is simply not clear that [the] mandate of Defendants cannot reasonably be expected to recur in this instance." *Id*.  This objection is not "sufficiently specific." *One Parcel*, 73 F.3d at 1060 (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")).  Mr. Behounek merely states his disagreement with the magistrate judge's conclusion, but he fails to point to any specific error in the magistrate judge's analysis or recommendations with this objection.  In addition, Mr. Behounek raises no objection to the magistrate judge's finding that he admitted that he is no longer seeking prospective injunctive relief. *See* Doc. 85 at 11.  Indeed, his objections only reinforce this finding:  "When the original complaint was filed the opportunity for prospective injunctive relief was at that time [sic] 15 months passed with the restrictions the plaintiff's business was lost during that time."  Doc. 86 at 3.  Mr. Behounek thus fails to show error in either of the magistrate judge's alternative reasons for concluding that his claims for prospective injunctive relief should be dismissed with prejudice.  The Court finds the PFRD well-reasoned and well-supported, and will overrule the objections and adopt the PFRD.

Fourth, Mr. Behounek asserts that "this Court has the power to grant injunctive relief to prevent constitutional violations totally independent of 42 USC [§] 1983."  Doc. 86 at 4.  Mr. Behounek cites *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015) in support of this argument.  Nothing in *Armstrong*, however, supports Mr. Behounek's assertion.

4

*Armstrong* does not displace sovereign immunity jurisprudence, nor does it abrogate *Ex parte Young*.  The Court concludes that Mr. Behounek's objection is not "sufficiently specific."  *One Parcel*, 73 F.3d at 1060 (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")).  Mr. Behounek fails to point to any specific error in the magistrate judge's analysis or recommendations.  The Court finds the PFRD well-reasoned and well-supported, and will overrule the objections and adopt the PFRD.

      **IT IS THEREFORE ORDERED** that the objections are overruled, and the Amended Proposed Findings and Recommended Disposition (Doc. 85) is adopted.

      **IT IS FURTHER ORDERED** that Defendants Michelle Lujan Grisham and the State of New Mexico's Motion for Judgment on the Pleadings for Plaintiff's Official Capacity Federal Law Claims (Doc. 64) is GRANTED.  All remaining federal claims against the State of New Mexico and Governor Lujan Grisham in her official capacity under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments are dismissed with prejudice.

      The Court declines to exercise supplemental jurisdiction over Mr. Behounek's state law claims, and dismisses these claims without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE